UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMERON D. J.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

CASE NO. 3:22-CV-5901-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION DENYING BENEFITS

Plaintiff, *pro se*, filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his applications for disability insurance benefits (DIB) and social security insurance (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Rule MJR 13, the parties have consented to proceed before the undersigned.

After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

# I. BACKGROUND

Plaintiff filed for DIB and SSI on June 24, 2015 alleging disability beginning January 15, 2015. Administrative Record (AR) 15. His applications were denied initially and on reconsideration, and again following a hearing before an Administrative Law Judge (ALJ). *Id*. Plaintiff appeared at a hearing on February 7, 2017, represented by counsel, and testified. AR 801-861. On July 19, 2017 the ALJ issued a written decision denying Plaintiff's claims. AR 15-30. On June 8, 2018 the Appeals Council affirmed the ALJ's decision and on August 2, 2018 Plaintiff filed for relief in the United States District Court for the Western District of Washington (this Court). AR 1, 771-772; 20 C.F.R. §§ 404.981, 416.1481.

Just over a year later, on July 8, 2019, this Court reversed and remanded the ALJ's decision with specific instructions for the ALJ to reevaluate the assessment of Alysa Ruddell, Ph.D. regarding Plaintiff's ability to adapt to changes in a work setting and learn new tasks. AR 781-790. The Appeals Council additionally directed the ALJ to offer Plaintiff the opportunity for another hearing, address the additional evidence submitted since the first hearing, and take any further action needed to complete the record and issue a new decision. AR 701.

A second hearing was held before an ALJ on June 30, 2020 at which Plaintiff was again represented and testified (this time telephonically), and his attorney requested to amend his period of disability to January 1, 2015 through February 6, 2018 because in the fall of 2018 he returned to substantial gainful activity for "about a year and a half". AR 701, 728. On July 20, 2020 the ALJ again denied Plaintiff's claims. AR 701-716; 723-741.[1]

Plaintiff, now *pro se*, filed the case at bar on December 1, 2022.

---

[1] The July 20, 2020 decision is the "operative decision" presently under review.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). However, the Commissioner's decision must be affirmed if it is supported by substantial evidence and free of harmful legal error. 42 U.S.C. § 405(g); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The Supreme Court describes it as "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotations omitted).

## III. THE ALJ'S FINDINGS

At step one of the sequential evaluation the ALJ found Plaintiff met the insured status requirements through December 31, 2020. AR 747.

At step two the ALJ found Plaintiff had not engaged in substantial gainful activity from January 15, 2015 through February 6, 2018. *Id*.

At step three the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, obesity, major depressive disorder, post-traumatic stress disorder, and insomnia. AR 747-750; 20 CFR §§ 404.1571, 416.971. The ALJ also found Plaintiff does not have any impairment or combination of impairments that meets or medically equals the

1   severity of a listed impairment. AR 750-753; 20 CFR §§ 404.1520(d), 404.1525, 404.1526,

2   416.920(d), 416.925, 416.926.

3       At step four the ALJ found Plaintiff could not return to his past relevant work. AR 758.

4       At step five the ALJ determined that Plaintiff had the residual functional capacity to

5   perform light work as defined by 20 CFR §§ 404.1567(b) and 416.967(b), limited by only

6   occasional climbing of ladders, ropes and scaffolds; only occasional crawling; only occasional

7   exposure to vibration, extremely cold temperatures, and hazards; the ability to understand,

8   remember, and apply short, simple instructions and make simple decisions; the ability to perform

9   routine tasks, but not in a fast-paced production type environment; and, the ability to have

10  occasional interactions with the general public. AR 759-760.

11                          **IV. DISCUSSION**

12      Plaintiff argues the ALJ "didn't follow the remand orders" to "[r]eevaluate Alysa A.

13  Ruddell, Ph.D's assessment of adapting to changes in a work setting, and assessment of a marked

14  limitation in learning new tasks" and to offer Plaintiff "the opportunity for a hearing and address

15  the additional evidence submitted". Dkt. 14 at 1. Plaintiff also alleges the ALJ "failed to give the

16  proper weight to the comments of doctor statements and didn't include all medical records"; and,

17  "failed to stop at the proper step of the five step sequential evaluation process." *Id.*

18      Defendant responds with an analysis of arguments it infers from the above assertions. *See*

19  *generally*, Dkt. 20.

20      The Court will not manufacture arguments for Plaintiff. *See e.g.*, *Cruz v. Int'l Collection*

21  *Corp*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically

22  and distinctly in a party's opening brief") (internal quotations and citations omitted); *Shinseki v.*

23  *Sanders*, 556 U.S. 396, 410 (2009) (finding the plaintiff has the burden of demonstrating there are

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 4

harmful errors in the ALJ's decision); *Valentine v. Commissioner of Social Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation to find that the ALJ failed to account for [the claimant's] injuries in some unspecified way" when the claimant failed to detail what limitations followed from the evidence beyond those already listed in the RFC); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (noting that a reviewing court ordinarily will not consider matters that are not specifically and distinctly argued in the opening brief).

First, the Court finds that Plaintiff's assertion that the ALJ erred by not giving him an opportunity for another hearing and failing to include all medical records is vague and unsupported by the record. The record contains a transcript of Plaintiff's hearing on remand held on June 30, 2020 during which Plaintiff testified telephonically. AR 723-741. At the top of the ALJ's second opinion he also clearly states that Plaintiff "submitted or informed the undersigned about all written evidence at least five business days before the date of the claimant's scheduled hearing (20 CFR 404.935(a) and 416.1435(a))." AR 701. Accordingly, Plaintiff has not identified and the record does not show any medical records were left out of Plaintiff's administrative record. Therefore the Court finds no merit to these arguments.

Second, Plaintiff contends that the ALJ "failed to stop at the proper step of the five step sequential evaluation process", but does not explain what step he believes to have been the "proper step" upon which to conclude he was disabled. Dkt. 14 at 1. Since the ALJ completed all five steps of the sequential evaluation and found Plaintiff was not disabled at step five (AR 715-716), step three was the only other step that might have resulted in a finding of disability, had the ALJ concluded that Plaintiff's impairments satisfied the criteria of a presumptively disabling listed impairment (the Listings). Plaintiff has not identified any errors in the ALJ's step three

assessment. The Court has also carefully reviewed the ALJ's step three assessment and finds the ALJ's application of the evidence to the guidelines was supported by substantial evidence and contains no legal errors. AR 706-708. Therefore, the Court finds no merit to this argument.

Third, the Court has reviewed the opinion of the Honorable Theresa L. Fricke (Judge Fricke) reversing and remanding the first ALJ opinion for a reassessment of Alysa Ruddell, Ph.D. (Ruddell's) opinion regarding Plaintiff's ability to adapt to changes in a work setting and learn new tasks. AR 781-790. Ruddell examined Plaintiff on June 1, 2015, diagnosing him with Major Depressive Disorder, Alcohol Use Disorder, and Insomnia, and assessing, *inter alia*, *marked* limitations in his ability to learn new tasks and to adapt to changes in a routine work setting. AR 353-357. Ruddell also assessed several moderate limitations in Plaintiff's functional abilities. *Id.*

The first ALJ gave great weight to Ruddell's moderate limitations, but little weight to her marked limitations. Judge Fricke found that ALJ's reasons for rejecting Ruddell's marked limitation in adapting to changes in a routine work setting were legally insufficient because the ALJ failed to develop the record sufficiently to conclude, upon substantial evidence, that Plaintiff's ability to adapt to child-care duties when he and his wife took over the care of their two-year old grandchild was inconsistent with having a marked difficulty adapting to work conditions and expectations. AR 785-787.

Likewise, the Court found the first ALJ's reason for rejecting Ruddell's marked limitation in the ability to learn new tasks—that Plaintiff was able to integrate healthy coping skills learned from a mental health practitioner into his daily practice—failed to clarify what specific coping skills the ALJ believed Plaintiff had learned, or how successful he had employed them. AR 788. Judge Fricke also stated that learning unspecified coping skills or tools from a

therapist does not necessarily undermine a marked limitation in learning new tasks in a work setting on an independent basis. *Id*.

Judge Fricke reversed and remanded the first ALJ's decision, and ordered the ALJ to reevaluate Ruddell's "assessment of adapting to changes in a work setting" and "of a marked limitations in learning new tasks." AR 790.

On remand, the second ALJ revaluated Ruddell's opinion and again gave "little weight" to her assessment that Plaintiff had a marked limitation in adapting to changes in a routine work setting and a marked to severe limitation in learning new tasks. AR 714. This time the ALJ explained that Ruddell rendered this opinion in June 2015 before Plaintiff had begun mental health therapy and learned coping skills. *Id*. The ALJ found that the subsequently developed medical evidence showed that despite experiencing significant interpersonal stressors since Ruddell's assessment, including the loss of his adult daughter and becoming the primary childcare provider for his grandson, there had been no significant change in Plaintiff's mental status (other than at times appearing dysthymic). *Id*.

In addition, in a separate section of ALJ's opinion he discussed the specific "coping skills" Plaintiff had acquired since Ruddell's 2015 assessment, explaining:

> … progress notes show the development and improvement of coping skills, despite the claimant enduring interpersonal traumas such as multiple deaths in the family and struggles with financial problems. In March 2016, his therapist detailed **improved functioning, the development and usage of coping skills, and incremental improvements in self-care and his ability to manage his needs** (Ex. 8F/28). In April 2016, the claimant met with a psychiatrist to evaluate his therapy and determine if medication management was necessary (Ex. 8F/25). Prior to this, the claimant was prescribed sertraline by his primary care provider; however, the claimant reported side effects and records suggest he may have been non-compliant in taking the prescribed medication after only one week of treatment (Ex. 8F/40). Nevertheless, in April 2016 the claimant's psychiatrist reported the claimant had **much improved** since beginning therapy, **his symptoms of depression, anxiety, and insomnia were improving, and they could be expected to continue to improve without further medication intervention** (Ex. 8F/26-27). Similarly, by

1    September 2016, the claimant was invested in **improving his life and was**
2    **thoughtful and sincere in his treatment encounters** (Ex. 8F/6). In December
     2016, after over a year of therapy, the claimant was described as **calm, well-**
3    **groomed, and smiling**, managing care of his grandchild in spite of external
     financial and interpersonal stressors (Ex. 8F/1).

4    AR 711 (emphasis added).

5        Finally, the ALJ determined that Ruddell's June 2015 and May 2017 evaluations were

6    not "entirely consistent" with the limitations she assessed as she initially found overall marked

7    severity in June 2015, but later, in May 2017, only moderate severity overall despite finding

8    increased marked limitation in completing a normal workday and workweek, and severe

9    limitation in learning new tasks. AR 714.

10       Thus, the Court finds the ALJ pointed to substantial evidence upon which to conclude

11   that Plaintiff acquired coping skills and had experienced significant improvement in his mental

12   health sufficient to serve as a specific and legitimate reason to reject Ruddell's opinion that

13   Plaintiff was markedly limited in learning new tasks in a work setting.

14       However, the Court finds the ALJ repeated the error Judge Fricke found to be harmful by

15   once again failing to sufficiently explain why Plaintiff's ability to care for his young grandson

16   was inconsistent with Ruddell's finding that Plaintiff had marked difficulty adapting to work

17   conditions and expectations. *See*, *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988) ("it is

18   incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding

19   the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required

20   to justify an ALJ's rejection of an opinion). The ALJ's repeated failure to explain this conclusion

21   contravenes Judge Fricke's order, and prevents the Court from meaningfully reviewing that

22   conclusion. Accordingly, the Court finds the ALJ again committed reversable error.

23

24

1

## V. CONCLUSION

2         For the foregoing reasons, the Court REVERSES and REMANDS the decision pursuant

3   to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. On remand the

4   ALJ is directed to again reevaluate Ruddell's assessment of marked difficulty adapting to

5   changes in a work setting.

6         Dated this 12ᵗʰ day of June, 2023.

7

8                                         _____
                                          David W. Christel
9                                         United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24